NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEVAR BROWN, | No. 23-55536 |
| Petitioner-Appellant, | D.C. No. 2:21-cv-03355-VAP-JC |
| v. | |
| CHARLES SCHUYLER, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted February 10, 2026
Pasadena, California

Before: OWENS, VANDYKE, and H.A. THOMAS, Circuit Judges.

California state prisoner Levar Brown appeals from the district court's

denial of his 28 U.S.C. § 2254 habeas petition challenging his 2015 conviction for

first-degree murder. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. As

the parties are familiar with the facts, we do not recount them here. We affirm.

We do not decide whether the California Court of Appeal ("CCA") erred in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

rejecting Brown's third-party culpability evidence under 28 U.S.C. §§ 2254(d)(1) and 2254(d)(2), as any error was harmless. Brown is "not entitled to habeas relief based on trial error unless [he] can establish that it resulted in actual prejudice." *Bradford v. Paramo*, 100 F.4th 1088, 1101 (9th Cir. 2024) (alteration in original) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). This means that the constitutional error must have a "substantial and injurious effect or influence in determining the jury's verdict" for the court to grant habeas relief. *Brecht*, 507 U.S. at 637 (citation omitted).

Given the prosecution's direct evidence incriminating Brown and the relatively weak third-party evidence exculpating Brown, any error arising from excluding the third-party evidence fails to meet *Brecht*'s prejudice standard. Here, the prosecution presented "direct evidence incriminating" Brown, including eyewitness testimony, physical evidence, and DNA evidence. *Bradford*, 11 F.4th at 1103. Compared to Brown's proposed exculpatory evidence, it cannot be said that "[t]he proffered third-party culpability evidence was particularly powerful." *Cf. id.* (finding prejudice given the prosecution's lack of direct evidence incriminating the defendant); *Lunbery v. Hornbeak*, 605 F.3d 754, 759, 762 (9th Cir. 2010) (finding prejudice where the prosecution's "sole significant evidence against [the defendant] was her confession").

Accordingly, even if the CCA erred in excluding the third-party evidence,

2

such error was harmless under *Brecht*.  And given this harmlessness, we need not

determine the equitable tolling issue.

**AFFIRMED.**[1]

---

[1] We grant Brown's motion for judicial notice.  **Dkt. 27.**